American St. Gobain Corporation and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Elizabeth Kordalski, Widow of Frank E. Kordalski, Deceased, Appellees.

Argued May 10, 1973, before Judges KRAMER, MEN-CER and BLATT, sitting as a panel of three. Reargued November 8, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MEN-CER, ROGERS and BLATT.

*H. Reginald Belden,* with him *Stewart, Belden, Sensenich and Herrington,* for appellants.

*Robert P. Crum,* with him *Crum & Crum,* for appellee.

OPINION BY JUDGE MENCER, January 7, 1974:

Frank E. Kordalski (Kordalski), at the time of his death on November 5, 1964, was employed by the American St. Gobain Corporation (American) as a breaker in its Arnold Plant. He had been working in this capacity for approximately five years. One of his duties

as a breaker was to remove sheets of glass from a tank and place them on a cart which was then hauled to the cutting room by other employees.

The sheets of glass which the breaker removes from the tank are formed by a machine into which molten glass is poured. If a glassmaking machine breaks down or has to be cleaned, the correctional or cleaning operation must be performed by the breakers. This operation is called a "skimming operation." It requires the removal of molten glass and impurities from the top of the melted glass in the tank with a ladle. The glass which is removed is then placed in a cast iron kettle. The kettle is an iron pot about 26 to 30 inches in diameter at the top. It tapers small towards the bottom. The pot rests on a swivel which is attached to the axle. There is a metal wheel at each end of the axle about 10 inches to 12 inches in diameter. Extending back from the kettle is a handle about four feet in length. There is also a leg, in the rear, extending down from the kettle to the ground, so that when the kettle is stationary it rests on the two wheels up front and the leg in the back. When full, it weighs 400 to 450 pounds. It is then pushed by lifting up the handle and exerting a forward pressure. The kettle is pushed outside the building where it is dumped by tipping it over. Sometimes glass sticks to the kettle so that another operation is required to get all of the glass out of the kettle. After the kettle is dumped, the employee wheels it back into the building to a section where kettles are stored. The kettles are moved over metal sheets and concrete to the dumping area. Kordalski performed this operation on an average of once a month as part of his duties whenever this "skimming operation" was required.

On the day of his death, Kordalski reported for work at 8 a.m. The glassmaking machine to which he was assigned was broken down, so it became his task to perform the "skimming operation." He loaded the kettle,

wheeled it to the yard to empty it, and returned to the building. He chatted with a fellow employee for about five minutes and, as he started to walk away, he fell and soon thereafter died as a result of a coronary occlusion.

On March 4, 1966, Elizabeth Kordalski, widow of Frank E. Kordalski, filed a fatal claim petition under The Pennsylvania Workmen's Compensation Act,[1] alleging that her husband had suffered a coronary occlusion due to overexertion during the course of his employment and this resulted in his death. The Referee dismissed the fatal claim petition on June 10, 1971. The Workmen's Compensation Appeal Board (Board) took no additional evidence on appeal but reversed the Referee and made an award. This appeal followed.

Our scope of review here is limited to ascertaining whether or not constitutional rights were violated, an error of law was committed or any necessary finding of fact was unsupported by substantial competent evidence. *Arnold Coal & Supply Co., Inc. v. Markle*, 8 Pa. Commonwealth Ct. 107, 300 A. 2d 916 (1973); *Bayuk Cigar Company v. Hawn*, 8 Pa. Commonwealth Ct. 45, 300 A. 2d 837 (1973). And where, as here, the Board has taken no additional evidence, and the referee has found adversely to the claimant, we must rely on the facts as found by the referee if there has not been a capricious disregard of competent evidence. *Cf. Universal Cyclops Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973).

The essential issue in this case is whether or not a compensable "accident" occurred. We stated in *A. P. Green Refractories Co. v. Luckey*, 8 Pa. Commonwealth Ct. 172, 177-78, 301 A. 2d 914, 917 (1973), that " '[d]isability overtaking an employe at work is not compensable unless it is the result of an accident. . . . While the

---

[1] Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §1 et seq.

Workmen's Compensation Act should be liberally construed, its purpose is to compensate for accidental injuries and not to insure the life and health of an employe.' Retew v. Graybill, 193 Pa. Superior Ct. 564, 567-68, 165 A. 2d 424, 425-26 (1960). The burden of proving that an accident has occurred, moreover, is on the claimant. Hurlburt v. Fidelity Window Cleaning Co., 192 Pa. Superior Ct. 152, 160 A. 2d 251 (1960). An accident is any unforeseen, untoward happening which was not to be reasonably anticipated. Litman v. Litman, 185 Pa. Superior Ct. 69, 137 A. 2d 918 (1958) ; Lacey v. Washburn & Williams Co., 309 Pa. 574, 164 A. 724 (1933).

"In Hinkle v. H. J. Heinz Co., 7 Pa. Commonwealth Ct. 216, 222, 298 A. 2d 632, 635 (1972), we found that the cases disclose at least four basic categories of accidents: (1) a sudden, unexpected traumatic event such as a fall or blow; (2) unusual exertion in the course of work causing an unexpected and sudden injury; (3) an unusual pathological result of an ordinary condition of work; and (4) sudden and unexpected injury caused by the failure of an employer to furnish medical care to an employee." (Footnote omitted.)

Here we are concerned with the second classification, namely, unusual exertion in the course of work causing an unexpected and sudden injury. Pennsylvania still recognizes the unusual strain doctrine. *Hamilton v. Procon, Inc.*, 434 Pa. 90, 252 A. 2d 601 (1969). Under this doctrine there can be no recovery unless the claimant proves that the death or injury resulted from an overexertion or unusual strain encountered in the course of his employment. Also, this doctrine is to be applied according to the work history of the individual involved and not according to the work patterns of his profession in general. *Id.*

American contends that claimant's evidence was insufficient to prove that her husband suffered a heart

attack as a result of unusual physical exertion because he was engaged in the performance of his usual duties as a breaker.

The Referee found as a fact that "[o]n November 5, 1964 [Kordalski] was performing his usual duties in the normal and customary fashion when he suffered his fatal heart attack. The muscular effort and strain which he exerted on this day in pushing and dumping the kettle was similar to that to which he was subjected in the past in his employment as a breaker." We conclude, after a careful examination of the record, that this finding is supported by substantial evidence. *See A. P. Weaver and Sons v. Sanitary Water Board,* 3 Pa. Commonwealth Ct. 499, 284 A. 2d 515 (1971). Further, we conclude that the Referee did not capriciously disregard competent evidence in making this finding. *Universal Cyclops Steel Corporation v. Krawczynski, supra.* The question before us is not whether the evidence would support a finding in favor of the claimant but whether there has been a capricious disregard of competent evidence in the failure to so find.

An accident may not be inferred from the fact that an employe sustains a heart attack as a result of exertion necessary for the performance of his usual duties. *Billick v. Republic Steel Corporation,* 214 Pa. Superior Ct. 267, 257 A. 2d 589 (1969). The doing of an occasional act involving sustained muscular effort may be part of the usual duties of a workman and, though the work is hard, if it is, as here, of the same kind and quantity and done in the same manner as it has been performed in the past, disability resulting from the exertion does not constitute an accident. *McGowan v. Upper Darby Pet Supply,* 207 Pa. Superior Ct. 329, 217 A. 2d 846 (1966).

We must conclude that the issue as to whether claimant had met the burden of proving unusual exertion by her husband was a question for determination by the

394

compensation authorities. Here the Referee refused to make a finding of unusual exertion. We do not find a capricious disregard of competent evidence by the Referee. Therefore, we issue the following

### ORDER

Now, January 7, 1974, the order of the Workmen's Compensation Appeal Board is reversed and Elizabeth Kordalski's claim for benefits is hereby denied.