Kimbob Corp., Formerly Kimbob, Inc., Appellant, *v.* Workmen's Compensation Appeal Board and Eugene L. Markel, Appellees.

Argued January 10, 1974, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*John Havas,* with him *Robert J. Woodside* and *Shearer, Mette, Hoerner & Woodside,* for appellant.

*Sheldon Rosenberg,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, February 15, 1974:

This case is before us on an appeal by Kimbob Corp. (Kimbob) from an order of the Workmen's Compensa-

tion Appeal Board (Board) granting compensation to Eugene L. Markel.

Markel had been employed by Kimbob for about eight months as a jackhammer operator. On September 24, 1970, upon completing a job, Markel injured his back when he lifted a jackhammer weighing approximately ninety (90) pounds and threw it on a truck parked on a bank about four feet above the surface on which he was standing.

Markel was denied compensation as a result of a referee's findings of fact that his injury occurred while he was performing his *regular work in the usual manner* and therefore that he did not suffer an "accident" within the meaning of Section 301(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §411. On June 7, 1973, without taking additional evidence, the Board reversed the order of the referee and awarded compensation to Markel. In so doing, the Board set aside certain of the referee's findings of fact and substituted its own.

Specifically, the Board found as a fact that Markel's act of throwing the jackhammer required a materially greater amount of exertion and risk or exposure than that to which he was ordinarily subjected. The legal result of the substitution of this finding for the finding made by the referee was that Markel was now entitled to receive compensation under the "unusual exertion" classification of a compensable "accident." *See Hinkle v. H. J. Heinz Co.,* 7 Pa. Commonwealth Ct. 216, 298 A. 2d 632 (1972). The propriety of the Board's substitution of its finding for that of the referee is the narrow issue presented by this appeal.

Our scope of review in this type of case is limited to a determination of whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substan-

tial evidence. *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973). And where, as here, the Board has taken no additional evidence, and the referee has found adversely to the claimant, we must rely on the facts as found by the referee if there has not been a capricious disregard of competent evidence. *American St. Gobain Corporation v. Kordalski,* 11 Pa. Commonwealth Ct. 388, 314 A. 2d 40 (1974); *cf. Universal Cyclops Steel Corporation v. Krawczynski, supra.*

Although under prior law the Board was the final arbiter of facts, we held in *Universal Cyclops* that the 1972 amendments to Section 423 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §854, have taken the ultimate fact-finding role from the Board unless it also chooses to hear new evidence. We also held that this change is a procedural matter and is applicable to all cases decided by the Board after May 1, 1972. The decision of the Board in this case was handed down on June 7, 1973. Therefore, there is no doubt that our decision in *Universal Cyclops* is applicable.

We have examined the record and have determined that the finding of the referee, that Markel's injury occurred while he was performing his regular work in the usual manner, was adequately supported by competent evidence; namely, the testimony given by Markel himself on cross-examination at the hearing before the referee. More important, we conclude that the referee did not capriciously disregard competent evidence in making this finding. As we stated in *American St. Gobain, supra*: "The question before us is not whether the evidence would support a finding in favor of the claimant but whether there has been a capricious disregard of competent evidence in the failure to so find." 11 Pa. Commonwealth Ct. at 393, 314 A. 2d at 42.

Since the referee's finding of fact did not constitute a capricious disregard of competent evidence, the sub-

stitution by the Board of a contrary finding was an error of law which compels a reversal of the Board's order.

We, therefore, issue the following

ORDER

Now, February 15, 1974, the order of the Workmen's Compensation Appeal Board is reversed and Eugene L. Markel's claim for benefits is denied.