572

Harold Richard Dunn, Appellant, *v.* Merck & Company, Inc., and Commonwealth of Pennsylvania and Pennsylvania Maufacturers' Association Insurance Co., Insurance Carrier, Appellees.

Argued February 7, 1974, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*George J. Nagle,* with him *Roger V. Weist,* for appellant.

*Anthony J. Ciotola,* with him *Louis G. Feldmann,* for appellee, Merck & Company, Inc.

*William R. Mosolino,* with him *Samuel C. Vary,* Assistant Attorney General, for appellee, Commonwealth of Pennsylvania.

OPINION BY JUDGE MENCER, April 1, 1974:

This is an appeal from an order of the Court of Common Pleas of Northumberland County affirming

the dismissal of the claim petition of Harold Richard Dunn (Dunn) by the Workmen's Compensation Appeal Board (Board).

Dunn had been employed by Merck & Company, Inc. (Merck) as a chemical operator from January 21, 1952 until August 23, 1966. His job consisted of working with many types of chemicals and chemical concentrations. On his last day of work, Dunn was taken ill and was forced to leave work to receive medical attention. He has never returned to work.

On June 21, 1967, Dunn filed a claim petition under The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P. L. 566, No. 284, as amended, 77 P.S. §1201 et seq., alleging that he had become totally disabled by pulmonary fibrosis and emphysema and therefore qualified for compensation under the provisions of Section 108(n) of the Act added by the Act of February 28, 1956, P. L. (1955) 1095, §1, 77 P.S. §1208 (n).

Three hearings were held by a referee, resulting in an award of compensation to Dunn on January 28, 1970. Merck then appealed to the Board which, after receiving briefs and hearing oral argument but without hearing new evidence, reversed the referee. Dunn then appealed to the Court of Common Pleas of Northumberland County. The Court affirmed the Board and this appeal then followed.

Dunn first argues that the Board erred by not making specific findings of fact and conclusions of law. We do not agree.

Although the Board's opinion does not contain specifically enumerated findings and conclusions, our reading of it satisfies us that it contains findings of fact and conclusions of law of sufficient specificity to enable us to perform our scope of review. The case of *Sherred v. Pittsburgh*, 7 Pa. Commonwealth Ct. 401, 299 A. 2d 381 (1973), is therefore distinguishable since

we held there that a remand to the Board is necessary when a case comes to us with no findings of fact or conclusions of law of sufficient specificity to enable this Court to give fair judicial scrutiny.

While Section 418 of the Act, 77 P.S. §1518, requires the Board to make findings and conclusions in writing, it does not mandate that these be specifically enumerated. We hold that the Board's opinion satisfies Section 418 and is not repugnant to our holding in *Sherred, supra.*

Dunn's second argument is that the Board made various errors in reversing the referee and making its own findings and conclusions. Since all parties to this appeal seem to misunderstand the role of the Board in occupational disease cases, we will endeavor to restate it.

Our holding in *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973), did *not* change the Board's role in occupational disease cases. We held only that Section 423 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, 77 P.S. §854, had been changed by recent legislation so that, in workmen's compensation cases, the ultimate fact-finding responsibility was taken from the Board and given to the referee unless the Board chose to hear new evidence. Section 423 of The Pennsylvania Occupational Disease Act, 77 P.S. §1523, the counterpart to Section 423 of The Pennsylvania Workmen's Compensation Act was not affected by these changes. Hence, the Board is still the ultimate factfinder and may disregard the findings of fact of the referee in all cases brought under The Pennsylvania Occupational Disease Act.

Dunn's argument that the due process clause of our Federal Constitution requires the Board to have the same role under both acts is without merit. Although we believe it is more desirable for the Board to have the

same functions under both acts, this is a matter for the Legislature to decide.

We now examine Dunn's claims of error, keeping in mind the proper role of the Board and our scope of review.

Our scope of review in occupational disease cases in which the Board has decided against a claimant is limited to a determination as to whether the Board's findings of fact are consistent with each other and with its conclusions of law and its order and can be sustained without a capricious disregard of competent evidence. *Cf. Billet v. Keystone Roofing Manufacturing Company,* 6 Pa. Commonwealth Ct. 23, 291 A. 2d 921 (1972).

A review of the Board's opinion reveals that its findings are consistent with each other and its legal conclusions and order.[1] The Board's opinion analyzes various x-ray reports and finds that, except for a prior, healed tuberculosis lesion, Dunn did not have fibrosis. The Board also examines testimony on whether chemical fumes could cause pulmonary damage and finds that the concentration necessary to cause damage was not established. From these findings the Board concludes that Dunn failed to meet his burden of proof and that his claim petition should therefore be dismissed. We can find nothing inconsistent in the Board's opinion.

We now examine the findings and conclusions of the Board to see whether they can be sustained without a capricious disregard of competent evidence. In *Sherred v. Pittsburgh, supra* at 405, 299 A. 2d at 383, quoting with approval from *Brown v. Atlantic and Gulf Stevedores, Inc.,* 2 Pa. Commonwealth Ct. 481, 483, 279 A. 2d 372, 373 (1971), we stated: " 'To constitute a ca-

---

[1] The Board ended its opinion by dismissing Dunn's claim petition. We find that the Board's failure to call this action an "order" does not result in its opinion's being defective.

pricious disregard there must be a wilful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching the result.' "

In order to establish that he was eligible for compensation under Section 108(n), Dunn had the burden of proving that he suffered an occupational disease (1) to which he was exposed by reason of his employment and (2) which is peculiar to the industry or occupation and (3) which is not common to the general public.

A careful examination of the record reveals that the Board had before it a conflict of testimony as to whether or not Dunn satisfied the above criteria. The Board resolved this conflict against Dunn, concluding that he did not meet his burden of proof.

Dunn now attempts to show that the Board erred by pointing to various evidence in the record which supports his claim. Unfortunately, his efforts are to no avail, for two reasons: (1) The credibility and weight of the testimony are matters for the factfinder to determine, *Rosenau Brothers, Incorporated, v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 462, 311 A. 2d 160 (1973) ; and (2) the factfinder is not required to accept the testimony of any witness, and this rule applies even though the testimony is not contradicted. *Peron v. Phoenix Park Coal Co.,* 202 Pa. Superior Ct. 495, 198 A. 2d 370 (1964).

We have examined the record and are convinced that the Board did not capriciously disregard competent evidence in making its findings and conclusions. As we stated in *American St. Gobain Corporation v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 388, 393, 314 A. 2d 40, 42 (1974), "[t]he question before us is not whether the evidence would support a finding in favor of the claimant but whether

there has been a capricious disregard of competent evidence in the failure to so find."

Dunn's final argument concerns the question of when a given disease will qualify as an occupational disease under Section 108(n). Dunn contends that the Board's reaffirmance of the decision in *Porter v. Sterling Supply Corp.*, 203 Pa. Superior Ct. 138, 199 A. 2d 525 (1964), was not a correct interpretation of the present law. The Court, in *Porter,* had held that pulmonary emphysema was not a disease peculiar to the occupation of a claimant employe of a company engaged in the manufacture of laundry supplies involving a use of chemicals and was therefore not compensable under Section 108(n).

We agree with Dunn that *Porter* is not a correct interpretation of the law but for a reason which Dunn seems not to be aware. The recent decision of our Supreme Court in *Utter v. Asten-Hill Mfg. Co.,* 453 Pa. 401, 309 A. 2d 583 (1973), sets forth the law on when a disease can be an occupational disease under Section 108(n).[2] The Supreme Court stated that under Section 108(n) "cancer can be an occupational disease, though it exists in the general public, if it may be shown by competent evidence that a claimant's cancer is peculiar to the claimant's occupation *by its causes and the characteristics of its manifestation."* 453 Pa. at 410, 309 A. 2d at 588 (emphasis added).

Since the Board's opinion was written before the *Utter* decision was handed down, the Board was acting without the aid of the above holding. Consequently, the Board was under the misconception that pulmonary emphysema was not an occupational disease under Section 108(n), regardless of whether a claimant could show that his emphysema was peculiar to his occupa-

---

[2] In *Utter,* the Court was talking about cancer, but we see no reason why the language used is not applicable to every disease.

tion by its causes and the characteristics of its manifestation. Since the Board was not aware of the above, we must now examine the record ourselves to see whether Dunn presented evidence showing that his emphysema was peculiar to his occupation.

Unfortunately, our review of the record reveals that no such evidence was offered. Nowhere can we find testimony indicating that Dunn's emphysema was peculiar in the characteristics of its manifestation. In other words, Dunn made no effort to show that the emphysema from which he suffered was peculiar to his occupation. This failure is fatal to his claim under the holding in *Utter*. Hence, although the Board was laboring under the erroneous belief that emphysema could never be an occupational disease under Section 108(n), its conclusion that Dunn's emphysema did not qualify under this section is correct under the present law and upon the record in this case.

Order affirmed.