Harold W. James *v.* Spaulding Bakeries, Inc. and Commonwealth of Pennsylvania. Commonwealth of Pennsylvania, Appellant.

Argued April 4, 1975, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*David A. Ody*, Assistant Attorney General, with him *Samuel C. Vary*, Assistant Attorney General, for appellant.

*Martin D. Cohn*, with him *Correale F. Stevens*, and *Laputka, Bayless, Ecker & Cohn, P.C.*, for appellee, James.

*James P. Harris, Jr.*, with him *Harris, Johnston & Maguire*, for appellee, Spaulding Bakeries.

OPINION BY JUDGE MENCER, May 29, 1975:

This is an appeal by the Commonwealth of Pennsylvania, Bureau of Occupational Injury and Disease Compensation, (Commonwealth) from an order of the Court of Common Pleas of Luzerne County affirming a decision of the Workmen's Compensation Appeal Board granting compensation for partial disability to Harold W. James (James).

On July 1, 1971, James filed a claim petition under The Pennsylvania Occupational Disease Act (Act)[1] alleging that he had become totally disabled by "baker's asthma" as a result of his employment by Spaulding Bakeries, Inc., (Spaulding) in a hazardous occupation and, therefore, qualified for compensation under the provisions of Section 108(n) of the Act, added by the Act of February 28, 1956, P.L. (1955) 1095, §1, 77 P.S. §1208(n) (Supp. 1974-75). On November 24, 1972, James filed an amended claim petition adding the Commonwealth as a defendant under Section 301(g) of the Act, 77 P.S. 1401(g) (Supp. 1974-75).

Three hearings were then held on the claim petitions, after which a referee dismissed the first petition as a duplication and awarded James compensation for total disability on the amended petition. Spaulding and the Commonwealth both appealed this award to the Board, which subsequently amended the findings of fact, conclusions of law, and award of the referee to provide for compensation for partial disability only. The Commonwealth then appealed to the Court of Common Pleas of Luzerne County. The Court affirmed the decision of the Board, and the Commonwealth then brought the present appeal.

The only argument advanced by the Commonwealth is that the referee, the Board, and the lower court all erred in awarding compensation because James failed to prove the elements entitling him to receive compensation for an occupational disease under Section 108(n). This section reads in pertinent part:

"The term 'occupational disease,' as used in this act, shall mean only the following diseases:

. . . .

"(n) All other occupational diseases (1) to which the claimant is exposed by reason of his employment,

1. Act of June 21, 1939, P. L. 566, *as amended*, 77 P.S. §1201 et seq.

and (2) which are peculiar to the industry or occupation, and (3) which are not common to the general population."

Unfortunately for James, three recent cases interpreting this section convince us that the Commonwealth is correct.

The Supreme Court announced in *Utter v. Asten-Hill Mfg. Co.,* 453 Pa. 401, 410, 309 A.2d 583, 588 (1973), that under Section 108 (n) "cancer can be an occupational disease, though it exists in the general public, if it may be shown by competent evidence that a claimant's cancer is peculiar to the claimant's occupation *by its causes and the characteristics of its manifestation."* (Emphasis added.) In *Dunn v. Merck & Company, Inc.,* 12 Pa. Commonwealth Ct. 572, 317 A.2d 657 (1974), we stated that the Supreme Court's holding applied to all diseases existing in the general public, not just cancer, but held that the claimant was not entitled to compensation because he failed to prove that his disease of pulmonary fibrosis and emphysema was peculiar to his occupation in the characteristics of its manifestation. This holding was followed by our holding in *Spaulding Bakeries, Inc. v. Williams,* 14 Pa. Commonwealth Ct. 526, 323 A.2d 416 (1974), in which we found that the claimant had failed to prove that his disease of pulmonary fibrosis and emphysema was peculiar in the characteristics of its manifestation from that suffered by the general public.

We find that these three cases control the result in the present case. Here, James' medical expert, Dr. Herman L. Auerbach, testified that his studies showed that James' condition was consistent with a diagnosis of pulmonary fibrosis and emphysema. He later stated that James' disability was the result of a heart condition and the pulmonary fibrosis and emphysema of "baker's asthma" and that James had been contracting his disease as the result of working in the baking industry.

Viewing this testimony in a light most favorable to James, we find that it proves that James contracted his

disease as a result of his lifetime employment in the baking industry and that his disease is, therefore, peculiar to his occupation by its *causes*. Unfortunately, the testimony given by Dr. Auerbach does not show that James' disease is peculiar to his occupation by the *characteristics of its manifestation*. In other words, there was no testimony presented which distinguished the characteristics of James' pulmonary fibrosis and emphysema from that suffered by the general public. *See Utter, supra.* The use of the term "baker's asthma" by Dr. Auerbach is not sufficient to provide this proof since, although it suggests a difference between James' disease and that suffered by the general public, it does not explain by reference to the different characteristics how Dr. Auerbach concluded that James had one and not the other.[2]

We must conclude that this appeal is ruled by the holdings in *Utter v. Asten-Hill Mfg. Co., supra, Dunn v. Merck & Company, Inc., supra,* and *Spaulding Bakeries, Inc. v. Williams, supra.*

Order reversed.

---

2. Our examination of Gordy-Gray, *Attorney's Textbook of Medicine* (3d ed. 1975) failed to uncover the term "baker's asthma."