George W. Wyse *v.* Commonwealth of Pennsylvania, Appellant.

Argued May 8, 1975, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*David A. Ody,* Assistant Attorney General, with him *James R. DiFrancesco,* Assistant Attorney General, and *Samuel C. Vary,* Assistant Attorney General, for appellant.

*John W. Taylor,* for appellee.

OPINION BY JUDGE BLATT, September 15, 1975:

This is an appeal by the Commonwealth of Pennsylvania, Bureau of Occupational Injury and Disease Compensation (Bureau) from an order of the Court of Common Pleas of Cambria County which affirmed an order of The Workmen's Compensation Appeal Board (Board) awarding compensation to George Washington Wyse (claimant).

In 1968 the claimant filed a claim petition for Occupational Disease under the Occupational Disease Act,[1] alleging that he had become totally and permanently disabled by silicosis. After a hearing at that time, the referee found that the claimant had suffered total and permanent physical disability but he was denied benefits because he was still gainfully employed. He was not, therefore, as a matter of law, at that time, totally disabled. *Petrone v. Moffat Coal Company,* 427 Pa. 5, 233 A.2d 891 (1967). Apparently no appeal was then taken. The claimant, however, filed another petition for compensation in 1973, again alleging total disability because of silicosis. At the second hearing a second referee refused to admit the findings which had been entered in the prior proceeding by the former referee. He also found, however, that the claimant was not totally disabled by silicosis and benefits were again denied. The Board properly ruled on appeal that the findings of the prior proceeding should have been admitted, which findings, of course, would have a binding effect with regard to the claimant's condition at the time

---

1. Act of June 21, 1939, P. L. 566, *as amended,* 77 P. S. §1201 et seq.

they were entered. And, to become entitled to benefits upon a subsequent petition, the claimant would be required to show a change in his condition. *Workmen's Compensation Appeal Board v. Booth & Flinn Company,* 18 Pa. Commonwealth Ct. 369, 336 A.2d 448 (1975). The Board, after finding that the second referee had erred in not admitting the prior findings, took new evidence, and assumed the role of fact finder as it is permitted to do in occupational disease cases. *Dunn v. Merck. & Company, Inc.,* 12 Pa. Commonwealth Ct. 572, 317 A.2d 657 (1974). Then, in opinion form, without explicit findings of fact, the Board reversed the referee's determination and awarded total disability benefits to the claimant, which order the court below affirmed. This appeal followed.

Unfortunately, the Board failed to make any transcript of the evidentiary proceedings before it and we, therefore, are now without a record to review. In view of this fact the Bureau has asked us to remand the action to the Board so that a proper record can be developed. This we must do so that a proper record may be constructed and findings of fact may be rendered by the Board in accordance with its powers under the Occupational Disease Act. In the present state of the record adequate appellate review is impossible.

We, therefore, issue the following

ORDER

AND NOW, this 15th day of September, 1975, the order of the Court of Common Pleas of Cambria County is hereby vacated and the record is remanded to the Workmen's Compensation Appeal Board for action consistent with this opinion.