Wheeling-Pittsburgh Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and John Andrachek, Jr., Respondents.

Argued November 2, 1978, before Judges MENCER, DiSALLE and CRAIG, sitting as a panel of three.

*Francis P. Massco,* for petitioner.

*Edwin H. Beachler,* with him *McArdle, Caroselli, Spagnolli and Beachler,* for respondents.

OPINION BY JUDGE CRAIG, March 15, 1979:

Wheeling-Pittsburgh Steel Corporation (employer) appeals from a decision of the Pennsylvania Workmen's Compensation Appeal Board (Board) awarding compensation to John Andrachek, Jr. (claimant) for disfigurement on the right side of his nose as a result of blisters occurring from the extreme heat on three separate dates in his work as blast furnace first helper.

The referee disallowed compensation on the ground that "extreme heat and burns are incidental to claimant's employment."

The Board set aside that finding of the referee and made its own finding "that extreme heat and burns are not incidental to claimant's employment. . . ." The Board concluded that claimant was entitled to compensation.

This case is governed by the same statutory and case law as that applicable in a companion case, *Wheeling-Pittsburgh Steel Corporation v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 279, 398 A.2d 1107 (1979), which was consolidated for argument with the present case.

Here, however, the referee, as well as the Board, found that there was disfigurement, so that the only issue, under Section 306(c)(22) of The Pennsylvania Workmen's Compensation Act,[1] 77 P.S. §513(22), was whether or not the disfigurement was "usually incident to the employment."

---

[1] Act of June 2, 1915, P.L. 736, *as amended.*

The referee's finding was based upon evidence that claimant had previously suffered burns—in 1967 and 1970, and a blister on his finger in 1977—as well as upon a job description that a first helper is "exposed to severe burns from hot metal and slag."

The Board, however, correctly distinguished the present disfigurement from the previous burns.[2] The Board points out that the present disfigurement, unlike the previous burns, was caused by exposure to an unusually high temperature which caused blisters and aggravated them. Contact with hot metal or slag—the hazard described in the job description—was not involved.

Therefore, the Board's deletion and substitution of findings was proper because there was a capricious disregard of competent evidence by the referee. *See Kimbob Corp. v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 92, 315 A.2d 304 (1974).

Accordingly, we affirm the decision of the Board.

### Order

AND Now, this 15th day of March, 1979, the order of the Workmen's Compensation Appeal Board, Docket No. A-73322, dated April 13, 1978, reversing the referee's decision, is hereby affirmed. Accordingly, it is ordered that judgment be entered in favor of John Andrachek, Jr. and against Wheeling-Pittsburgh Steel Corporation, and/or its insurance carrier, in the sum of $187.00 per week for a period of ten weeks, beginning July 4, 1976. Interest, payable by Wheeling-

---

[2] Both the referee and the Board, in their findings here, use the word "burns" instead of the term "scars" or "disfigurement," as being incidental or not incidental to employment. However, unlike the companion case, the distinction is immaterial here because, in this case, both the referee and Board agreed that disfigurement, *i.e.,* scarring, was actually suffered.

Pittsburgh Steel Corporation, and/or its insurance carrier, shall accrue on all due and unpaid compensation at the rate of ten percent per annum. Wheeling-Pittsburgh Steel Corporation, and/or its insurance carrier, shall pay directly to Edwin H. Beachler, Esquire, attorney for John Andrachek, Jr., twenty percent of each payment of compensation as attorney's fees and shall pay the balance of the award directly to John Andrachek, Jr.