Wheeling-Pittsburgh Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and John Sobek, Respondents.

Argued November 2, 1978, before Judges MENCER, DiSALLE and CRAIG, sitting as a panel of three.

*Francis P. Massco,* for petitioners.

*Edwin H. Beachler,* with him *McArdle, Caroselli, Spagnolli and Beachler,* for respondents.

OPINION BY JUDGE CRAIG, March 15, 1979:

Wheeling-Pittsburgh Steel Corporation (employer) is here as petitioner seeking to reverse the Pennsylvania Workmen's Compensation Appeal Board (Board) with respect to an award of compensation for "serious and permanent disfigurement" under Section 306 (c)(22) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as*

*amended,* 77 P.S. §513(22) (Act) to John Sobek (claimant) arising from his employment as a scarfer.

A scarfer uses an oxy-acetylene scarfing torch, which generates a hot flame to burn out defects in steel blooms. Because the work generates sparks, scarfers wear—as claimant did here—a hardhat with face shield, safety glasses, fireproof suit and gloves. When claimant's torchflame hit a pocket in the steel, a spark lodged behind his mask, burning him under his right eye. Although hitting a pocket is not uncommon, the scarfer is not scarred or burned every time that occurs.

The referee, in disallowing compensation, found that claimant suffered a burn resulting in a "slight scar." However, the referee also found:

4. . . . that the scar is not particularly disfiguring in character and is barely discernible.

5. That burns from flying sparks is incidental with claimants employment as a scarfer.

The Board, before whom claimant appeared personally, in its decision deleted the referee's Findings Nos. 4 and 5 and substituted the Board's own finding that:

4. The aforesaid scar produced an unsightly appearance, and is a serious and permanent disfigurement and as such, is not usually incident to said employment.

Although the Board is bound by findings of the referee supported by substantial evidence, the Board may reverse a referee and make its own findings where there has been a capricious disregard of competent evidence and where the Board itself takes additional evidence. *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973); *Kimbob Corp. v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 92, 315 A.2d 304 (1974).

For recovery of compensation under Section 306 (c)(22), there must be both:

. . . serious and permanent disfigurement producing an unsightly appearance; and

. . . disfigurement not usually incident to the employment.

On the first point, the existence of serious, permanent and unsightly disfigurement, the Board did, by its personal view of claimant, receive evidence sufficient to support its substituted finding. *Lebanon Steel Foundry v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 530, 317 A.2d 315 (1974); *Workmen's Compensation Appeal Board v. Jones & Laughlin Steel Corp.,* 25 Pa. Commonwealth Ct. 542, 360 A.2d 854 (1976).

On the second point, whether or not disfigurement is incidental to employment as a scarfer, the Board was justified in deleting the referee's finding on that point as made in disregard of the only competent evidence.

The employer had presented, as evidence, a job description stating that a hazard of the work of a scarfer is "probably . . . moderate burns from exposure to flying sparks." Obviously all burns do not involve scars. There was no evidence whatsoever that *scars* are incidental to the work of scarfing. The statute precludes compensation only when *disfigurement* is incidental to the work. The ample protective gear used to shield scarfers makes it not surprising that the record contains no evidence that scarring usually results from the work.

Therefore we affirm the decision of the Board.

### Order

And Now, this 15th day of March, 1979, the order of the Workmen's Compensation Appeal Board, Docket No. A-73325, dated November 17, 1977, revers-

ing the referee's decision, is hereby affirmed. Accordingly, it is ordered that judgment be entered in favor of claimant John Sobek and against Wheeling-Pittsburgh Steel Corporation, and/or its insurance carrier, in the sum of $187.00 per week for a period of six weeks, beginning June 22, 1976. Interest, payable by Wheeling-Pittsburgh Steel Corporation, and/or its insurance carrier, shall accrue on all due and unpaid compensation at the rate of ten percent (10%) per annum.