Gibson-Boulevard, Inc. and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and James D. Barber, Appellees.

148

Argued February 6, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., and MENCER, sitting as a panel of three.

*Robert O. Beers,* with him *Anderson, Ports, May & Beers,* for appellant.

*Gibson Smith,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., May 21, 1975:

This is an appeal by Gibson-Boulevard, Inc. (Appellant) from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's award of compensation for the specific loss of use of the right eye of James D. Barber (Claimant). Following an accident, Claimant and Appellant entered into a compensation agreement which was approved on August 26, 1970. The accident was described in that agreement as follows:

"While burning sledge hammer from crusher smithboard was heated which produced a flammable gas which resulted in an explosion. Flash burns to the face and eyes."

On December 1, 1970, Appellant filed a petition to terminate the compensation agreement on grounds that Claimant resumed his employment on September 17, 1970. Following a hearing on that petition, the referee found that Claimant had returned to employment and thus terminated the compensation agreement. Both parties appealed from that termination order and Claimant later petitioned for rehearing on the ground that his right eye was seriously injured and that his vision was greatly impaired.

The Board granted a rehearing, and after additional evidence was received, the referee again terminated compensation, but this time as of September 14, 1970. Claimant again appealed and on February 21, 1973, the Board proceeded to vacate the referee's findings of fact, conclusions of law and order of disallowance and remanded for the purpose of taking additional medical testimony.

During the hearing convened for the purpose of taking additional medical testimony, Claimant argued that he was claiming compensation for a permanent partial disability, or in the alternative, compensation for the specific loss of use of his right eye. No petition to modify the compensation agreement or petition requesting compensation for specific loss was ever filed, however. The Board

chose to view Claimant's petition for a rehearing as a petition to modify or a petition requesting compensation for a specific loss in light of the fact that the thrust of testimony presented by Claimant was in the direction of attempting to show specific loss.

Upon review of all the evidence presented, the Board affirmed the referee's findings of fact and conclusions of law finding competent evidence to support the award for specific loss of Claimant's right eye and further finding this case to be within the confines of *McClemens v. Penn Auto Parts,* 181 Pa. Superior Ct. 542, 124 A. 2d 623 (1956).

Appellant raises three issues in the instant appeal.

1) The two rehearings were improperly granted.

2) There was no competent evidence from which the referee could find specific loss of use of Claimant's right eye.

3) The Board improperly substituted its findings of fact for those of the referee in adjudicating specific loss.

Initially, we focus upon the grant of the rehearings and the Board's remands for the allowance of additional testimony.

In *General Woodcraft and Foundry v. Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 357, 361-62, 318 A. 2d 385, 387 (1974), Judge BLATT stated, "[a]s provided in Section 426 of the Workmen's Compensation Act, the Board may grant a rehearing 'upon petition of any party and upon cause shown. . . .' Of course, although the grant or refusal of a rehearing is generally within the discretion of the Board, a rehearing should not be allowed simply for the purpose of strengthening weak proofs which have already been presented or for the purpose of hearing additional testimony which is merly cumulative. . . . Certainly it would be appropriate to grant a rehearing where additional evidence can be produced or where a party had not been given an opportunity to present his case." (Citations omitted.)

The initial petition for rehearing was granted by the Board based on the alleged severity of the injury to the right eye of Claimant and on averments in the petition stating that Claimant's doctor had treated Claimant since the time of the hearing, and that the "superficial haze or scarring ... [had] deteriorated into scartissue" since the time of the hearing. We must, however, say that the Board erred if the grant of the rehearing was based on Section 426, 77 P.S. §871, as that section is properly invoked only if the Board has completed deliberation, and appeal to this Court is ripe. Section 426 is found in that portion of the Act dealing with appeals from the Board to this Court. Since in this case there was merely an adjudication by a referee, a petition to the Board seeking a rehearing, and the Board order granting that rehearing, Section 426 cannot serve as the basis for the rehearing. As such, essentially what has occurred here is not the granting of a rehearing but the order of a remand. Recently, Judge BLATT in *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A. 2d 440 (1975), reviewed the Board's power to remand under the 1972 Amendments to the Pennsylvania Workmen's Compensation Act, the Act of February 8, 1972, P. L.    (Act No. 12) and the Act of March 29, 1972, P. L.    (Act No. 61). Both this remand and the second remand of February 21, 1973, having occurred after the effective date of the 1972 Amendments, are therefore within the scope of *Forbes.* In *Forbes,* Judge BLATT stated in relevant part:

"Section 420 of the Act, 77 P.S. §831, empowers the referee, the department or the Board to appoint impartial experts. This authority, it should be noted, is included, not within those provisions of the Act describing the appellate powers of the Board, but rather within those sections describing the fact finding powers of the referee, the department, and the Board.

It, therefore, provides no special exception to the Board's scope of appellate review, and consequently would apply only where the Board may make independent factual findings: i.e., where the referee's findings are not supported by competent evidence and it becomes proper for the Board to take additional evidence.

"It is, of course, true that Section 419 of the Act, 77 P.S. §852 empowers the Board to remand 'any case involving any question of fact arising under any appeal', to a referee to hear evidence. Appeals from a referee's decision, however, do not ordinarily involve questions of fact, for the appellant *cannot* raise such questions unless the referee's findings are not supported by competent evidence, Section 423 of the Act, 77 P.S. §853; or unless the referee failed to make a finding on a crucial issue necessary for the proper application of the law. . . . In order, therefore, to establish continuity among the various sections of the Act and to assure compliance with the intent of the General Assembly, we must construe Section 419 of the Act as empowering the Board to remand a case to a referee only in those limited situations just described where the Board has express authorization as an appellate body to take action to resolve questions of fact." (Emphasis in original.) (Citation omitted.)

A review of the second remand reveals none of the Section 419 criteria enunciated which would justify a remand. There is no indication of a lack of competent evidence to support the referee's findings nor is there a failure to make a finding on a crucial issue necessary for the proper application of the law. We, therefore, hold that the Board erred in remanding for additional medical testimony.

Having invalidated the remands, we, of necessity, must hold that the sustaining of the specific loss claim on the basis of the additional medical testimony received

was also error, and reinstate the referee's second suspension of compensation as of September 14, 1970. We feel constrained to point out that this in no way precludes Claimant from pressing a claim for specific loss at some future time.

In light of the foregoing, we need not reach Appellant's arguments that there was no competent evidence to support a finding of specific loss and that the Board improperly substituted its findings of fact for those of the referee's in adjudicating specific loss and therefore

## ORDER

AND NOW, this 21st day of May, 1975, the order of the Referee terminating the Compensation Agreement as of September 14, 1970 between Gibson-Boulevard, Inc. and James D. Barber executed on August 26, 1970 is hereby reinstated.