# Nunzio Guzzo *v*. Westinghouse Electric Corp. and Commonwealth of Pennsylvania. Westinghouse Electric Corporation, Appellant.

Argued October 31, 1975, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as panel of three.

*Samuel P. Gerace*, with him *Jones, Gregg, Creehan and Gerace*, for appellant.

*Alexander J. Pentecost*, with him *Samuel C. Vary*, Assistant Attorney General, and *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE ROGERS, January 5, 1976:

Westinghouse Electric Corporation, formerly the employer of Nunzio Guzzo, has appealed from an order (without opinion) of the Court of Common Pleas of Allegheny County affirming an order of the Workmen's Compensation Appeal Board remanding the matter of Guzzo's claim petition to a referee for the appointment

of an impartial physician specializing in psychiatry to examine Guzzo and to report on whether he suffers from a neurosis induced by an occupational disease.

Guzzo's claim petition alleging total disability caused by "Epoxy Poisoning—Acute Neurosis" was filed pursuant to The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201 et seq. At the referee's hearing, the claimant adduced evidence tending to show that he suffers from dermatitis induced by the poisoning effect of epoxy resin, a material handled by him in his employment by Westinghouse; that epoxy poisoning is not a disease common to the general population; and that the claimant is totally disabled as the result of neurosis induced by dermatitis. The condition of neurosis and its relationship to the claimant's dermatitis was testified to by a general practitioner. Westinghouse adduced the testimony of qualified physicians specializing in dermatology that the claimant's dermatitis was not caused by epoxy poisoning. The referee found that the claimant had failed to establish by sufficient competent evidence that he suffers from or is disabled as the result of an occupational disease. The Board, although doubtful whether neurosis caused by an occupational disease is compensable, remanded for expert psychiatric evidence because the claimant's only proof of neurosis was the opinion of a general practitioner.

The claimant contends that the appeal from the Board's order of remand was interlocutory and should be quashed.

Westinghouse contends first that the Board was without power to remand, citing *Gibson-Boulevard, Inc. v. Workmen's Compensation Appeal Board,* 19 Pa. Commonwealth Ct. 147, 338 A.2d 697 (1975), and *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975). In the cases just cited we held that amendments made to The Pennsylvania Workmen's Compensa-

tion Act[1] by the Act of February 8, 1972, P.L. 25, and the Act of March 29, 1972, P.L. 159, constituted the referee the final arbiter of the facts; that the Workmen's Compensation Appeal Board may no longer make independent determinations of the facts unless the referee's findings are not supported by competent evidence; and that in cases where the Board may not make such independent determinations it may not remand the case for the appointment of an impartial medical expert. However, *The Pennsylvania Occupational Disease Act*[2] was not amended as was The Pennsylvania Workmen's Compensation Act, and Section 423 of the former, 77 P.S. §1523, still provides that the Board shall be the ultimate fact finder. *Dunn v. Merck & Co., Inc.*, 12 Pa. Commonwealth Ct. 572, 317 A.2d 657 (1974). It follows that the Board has the power to remand for expert medical testimony in cases brought under The Pennsylvania Occupational Disease Act, including those where the referee's findings are supported by competent evidence.

Westinghouse further contends that our case of *United Metal Fabricators, Inc. v. Zindash*, 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973), where we entertained and sustained an employer's appeal from an order of remand, requires a reversal of the orders below and reinstatement of the referee's order denying compensation. In *Zindash* we concluded upon an examination of the record that the claimant had established by his own testimony that he had not been injured in an accident at work, and by his treating physician's testimony that his physical problem for which compensation was claimed was solely related to an injury sustained prior to the accident alleged as its cause. In the instant case, there

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §851 et seq.

2. Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. §1201 ct seq.

is conflicting testimony as to the cause of the claimant's dermatitis and evidence unsatisfactory to the Board as to the cause of the claimant's disabling neurosis. The Board is empowered both to resolve the conflicting evidence as to the cause of claimant's dermatitis differently from the referee's determination, and to require what it considers better medical evidence of the nature, extent and cause of his neurosis. While we share the Board's doubt as to the compensability of neurosis as an occupational disease, we may not prevent its inquiry into the matter on this record.

Appeal quashed.