Dennis Yerger and Workmen's Compensation Appeal Board *v.* Rockwell International, Appellant.

Argued October 7, 1976, before President Judge
Bowman and Judges Crumlish, Jr. and Wilkinson,
Jr., sitting as a panel of three.

Richard A. Bausher, with him Stevens & Lee, for
appellant.

Roland J. Artigues, with him James N. Diefender-
fer, for appellees.

Opinion by Judge Wilkinson, November 15, 1976:
Appellant appeals an order of the Workmen's Com-
pensation Appeal Board (Board) vacating a referee's
disallowance of claimant's petition for benefits and re-
manding "to give the claimant one more opportunity
to clarify his evidence. . . ." We reverse.

Claimant's petition alleged that on June 21, 1973
he had suffered permanent loss of use of the little
finger on his right hand through an injury in the
course of his employment by appellant. After claim-
ant had testified at a hearing on March 26, 1974, the

matter was continued to allow him to present medical testimony. The second hearing was held on November 15, 1974. The physician who treated claimant immediately after the accident and at least once thereafter until November 16, 1973 testified that the total functional loss of use of the finger was 5 per cent and that claimant had suffered neither total nor one-half permanent loss of use "for all practical intents and purposes." This testimony remained unchanged even after the physician was asked on cross-examination by claimant's counsel to look at the finger again. A physician who examined the claimant on June 3, 1974, testified that the claimant had suffered seventy-five per cent permanent physical impairment of the finger. Claimant then amended his petition to allege loss of use of one-half of the finger. Upon disallowance of the petition claimant appealed to the Board, which "viewed the Claimant's injured finger [and] informally discussed the matter with counsel"[1] before ordering remand.

We have already decided that the intent of The Pennsylvania Workmen's Compensation Act[2] was "to accord finality to a referee's determination and to establish the Board as merely a body of appellate review." *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 356, 336 A.2d 440, 443 (1975). Consistent therewith, the Board's power to remand is limited to only those cases "where the referee's findings are not supported by competent evidence or where the referee has failed to make a finding on a crucial issue necessary for the proper application of the law." *Workmen's Compensation Appeal Board v. E-C Ap-*

---

[1] These alleged actions of the Board do not appear in the record but only in claimant's "Counter Statement of the Case."

[2] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

*paratus Corp.,* 20 Pa. Commonwealth Ct. 128, 130, 339 A.2d 899, 900 (1975). Neither condition is met here.

Appellee claims that the remand order must be considered interlocutory and therefore unappealable. That is the general rule; however, where, as here, a remand order is clearly erroneous, it should be reversed. *E.g. Riley Stoker Corp. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973).

Accordingly, we will enter the following

### ORDER

Now, November 15, 1976, the order of the Workmen's Compensation Appeal Board, No. A-70503, dated December 5, 1975, is hereby reversed and the appeal of Rockwell International sustained.