Kepler Homes and Statesman Insurance Company *v.* Lois G. Hand and Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania. Kepler Homes, Appellant.

Argued September 13, 1976, before President Judge BOWMAN and Judges MENCER and BLATT, sitting as a panel of three.

*Raymond F. Keisling,* with him *Will & Keisling,* for appellants.

*Francis A. Zulli,* with him *Reynolds, Bihl and Schaffner,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE BLATT, December 2, 1976:

This is a direct administrative appeal from a decision by the Workmen's Compensation Appeal Board

(Board) affirming the referee's award of compensation to Lois G. Hand.

The claimant's employer, Kepler Homes, stipulated that she fell on September 16, 1973, striking her head and shoulder, while walking up steps at the place of her employment. After the fall, she continued to perform her duties as a nurse's aide until October 9, when her familiy physician treated her for possible food poisoning, and she was hospitalized three days later for treatment of epigastric pain and hypertension. Although she never mentioned the fall to her physician and did not include it in giving her medical history upon admission to the hospital, she alleges that a cervical condition discovered during her hospitalization resulted from the September 16 fall and that this condition now renders her disabled to continue her work. The referee found that she became totally disabled as a result of the accident on November 10, 1973, which was the date when she was discharged from the hospital with a diagnosis which included cervical strain.

Kepler Homes has appealed to this Court on the issue of whether or not the record contains substantial evidence to support a finding that the September 16 accident caused the claimant's disability. Included in our scope of review in a workmen's compensation case in which the party with the burden of proof prevailed below is the determination of whether or not necessary findings of fact are supported by substantial evidence. *Workmen's Compensation Appeal Board v. A. R. Bar, Inc.*, 22 Pa. Commonwealth Ct. 609, 349 A.2d 805 (1976). Our review of the record reveals that the claimant here failed to establish a causal connection between her alleged disability and the September 16 fall.

In a workmen's compensation case where no obvious causal relationship exists between the employe's

injury and an alleged accident, unequivocal medical testimony is necessary to establish the causal connection, and medical testimony which is less than positive and based on possibilities does not constitute legally competent evidence. *Czankner v. Sky Top Lodge, Inc.,* 13 Pa. Commonwealth Ct. 220, 308 A.2d 911 (1973). No such obvious causal relationship exists in this case, however, because the claimant continued to work for more than three weeks following the accident and she failed to mention the fall or complain of neck or back pain to her family physician even though she visited him several times. Moreover, the only portion of the medical testimony relevant to the issue of causation is, at best equivocal:

"Q: Dr. Lentz, you heard Mrs. Hand testify about the fall at work on September 16, 1973. You've heard her testify about the pain. In your professional opinion—do you have any opinion as to—is there any connection between the pain and the fall at work?

"A: A fall of the type she described could very weel [sic] produce the symptoms she describes and produce the pain she describes."

In the absence of unequivocal medical testimony in the record establishing that the claimant's disability was caused by the fall at work, there is insufficient evidence to support the referee's finding that the accident resulted in her disability. We are compelled, therefore, to reverse the order of the Board and to deny compensation to this claimant.

### ORDER

AND Now, this 2nd day of December, 1976, the order of the Workmen's Compensation Appeal Board is hereby reversed and benefits are denied.