Dominick Johnson and Workmen's Compensation Appeal Board *v.* Bethlehem Mines Corporation, Appellant.

Argued January 31, 1977, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

638

 

*Stephen I. Richman,* with him *Karl T. Skrypak,* and *Greenlee, Richman, Derrico & Posa,* for appellant.

*Amiel B. Caramanna, Jr.,* with him *Albert S. Diaz,* for appellee, Johnson.

*Mary Ellen Krober,* Assistant Attorney General, for appellee, Commonwealth.

OPINION BY JUDGE ROGERS, February 25, 1977:

This is another of the many appeals lately filed contesting orders of remand made by the Workmen's Compensation Appeal Board. The appellant in each of such appeals is, of course, the party who prevailed before the referee.

The instant claimant, Dominick Johnson, who had worked in the appellant's, Bethlehem Mines Corporation's, coal mine, filed a claim under The Pennsylvania Workmen's Compensation Act[1] for total disability from coal miner's pneumoconiosis. After hearings the referee found:

> [t]hat the Claimant is not totally and permanently disabled from coal miner's pneumoconiosis and that any disability that he may have is due to hypertensive heart disease. Furthermore, claimant, by collecting weekly unemployment compensation benefits from the Commonwealth of Pennsylvania, has indicated that he was available to work in order to qualify and receive said benefits. This fact negates against

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

his allegation that he was totally and permanently disabled from the said occupational disease.

The referee dismissed Johnson's claim.

The Workmen's Compensation Appeal Board remanded the case to the referee "for him to make a determination on whether the claimant is entitled to partial disability compensation caused by occupational disease under The Pennsylvania Workmen's Compensation Act." The Appeal Board's order was based on its conclusion that while the referee clearly found no total disability from occupational disease, he made no finding with respect to partial disability, necessary because partial disability from coal miner's pneumoconiosis is compensable. The Board also noted that an application for unemployment compensation does not preclude workmen's compensation benefits for partial disability, citing *Whitehead v. Casey Building Wreckers, Inc.,* 6 Pa. Commonwealth Ct. 256, 294 A.2d 215 (1972).

Bethlehem Mines principally argues that the referee's finding that "any disability" suffered by the claimant is due to hypertensive heart disease was a clear statement that the claimant had no disability, either total or partial, from coal miner's pneumoconiosis. It seems to us, however, that the phrase, "[t]hat the Claimant is not totally and permanently disabled," which immediately precedes the language depended on by the appellant, suggests that the referee may not have considered the possibility of partial disability. The referee's finding is at the very best unclear in this regard.

The appellant concedes, moreover, that since the Appeal Board required the referee to determine whether there was partial disability caused by an occupational disease generally, that it may have intended to require the referee to find whether the claim-

ant's condition of hypertensive heart disease was or was not work-related.[2] It then says that the remand is improper because the evidence of record supports no finding that hypertensive heart disease was work-related, and because, in any case, the finding of no relationship between hypertensive heart disease and occupation is implied by the referee's finding. It is not for us or the Appeal Board to decide whether the record supports a nonexistent finding or to infer that the referee made a finding not expressed in his decision.

We reiterate briefly the rules applicable in this class of cases. The general rule is that an order of remand is interlocutory and unappealable and that only very unusual circumstances will justify a decision on the merits of such an order. The cases on this point have been so recently and so frequently collected that there is no need for us to repeat that exercise. *See Norato v. Tasty Cake Baking Co.*, 27 Pa. Commonwealth Ct. 309, 366 A.2d 1290 (1976). The appellant contends that this case falls within the narrow exception to the rule of unappealability provided by *United Metal Fabricators, Inc. v. Zindash*, 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973), where we reversed an order of remand for additional evidence because the record contained sufficient evidence conclusively supporting the referee's findings and decision. However, where the referee's findings are not supported by competent evidence or where the referee has failed to make findings of fact on crucial issues or where the findings made are so inadequate that proper review

---

[2] Section 108(n) of The Pennsylvania Workmen's Compensation Act, 77 P.S. §27.1(n) defines "occupational disease" to include: "All other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population."

is impossible, the Appeal Board may and should remand for proper findings; and in such case, its order is interlocutory and unappealable. *Yerger v. Rockwell International*, 27 Pa. Commonwealth Ct. 73, 365 A.2d 899 (1976). We agree with the Appeal Board that no findings on the crucial issue of partial disability by reason of occupational disease was made by the referee and therefore will not entertain the appeal. We note that we have reached the same conclusion on very similar facts in *Vignoli v. Mathies Coal Company*, 29 Pa. Commonwealth Ct. 1, A.2d (1977).

ORDER

AND Now, this 25th day of February, 1977, the appeal of Bethlehem Mines Corporation is quashed.