Richard J. Romanski, Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Consolidated Molded Products, Respondents.

Argued December 9, 1977, before Judges WILKINSON, JR., ROGERS and DiSALLE, sitting as a panel of three.

*Charles F. Wilson,* for petitioner.

*John C. Mascelli,* with him *Joseph A. Murphy, John R. Lenahan, Jr., Lenahan, Dempsey & Murphy,* and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE DISALLE, January 9, 1978:

This case is before us upon a petition for review of an order of the Workmen's Compensation Appeal Board which affirmed a referee's decision granting a petition to terminate disability benefits to Richard J. Romanski (Petitioner).

Petitioner was employed as a master mechanic by Consolidated Molded Products (Consolidated). On August 28, 1975, Petitioner was struck on the head by a thirty pound hydraulic jack which fell a distance of approximately eight to twelve feet. From August 28, 1975 to December 4, 1975, Petitioner received compensation benefits for the resultant injury and disability. On December 15, 1975, the employer and its insurer filed a petition to terminate alleging that Petitioner's disability had ceased as of November 28, 1975. After a hearing, the petition to terminate was granted.

The sole issue before us is whether the medical testimony offered by the employer is substantial evidence so as to support the decision of the compensation authorities.[1]

In proceedings to terminate compensation benefits the employer has the burden of proving that the claim-

---

[1] Our scope of review in Workmen's Compensation cases is limited to a determination of whether constitutional rights were violated, an error of law committed, or if any finding of fact necessary to support the adjudication is not supported by substantial evidence. *Workmen's Compensation Appeal Board v. Ira Berger and Sons,*    Pa.    ,    , 368 A.2d 282, 283 (1977). Petitioner questions only the adequacy of the employer's medical evidence.

ant's disability has ceased.[2] Consolidated produced the testimony of Dr. George Shibley, Petitioner's treating physician, in order to meet that burden. It was Dr. Shibley's opinion, based upon tests conducted by himself and those conducted by a neurosurgeon, that Petitioner's disability had completely ceased as of November 28, 1975.

Petitioner produced no medical testimony in rebuttal. He did testify on his own behalf that he continued to experience symptoms, such as weakness, headache, nausea and vertigo.

Petitioner points to the fact that Dr. Shibley had relied in part upon Petitioner's subjective complaints in reaching the conclusion that he was disabled from August 28 to November 28. Adding this to Shibley's admission on cross-examination that the symptoms complained of could legitimately exist despite the failure of objective testing to reveal any physiological basis for them, Petitioner asserts that Shibley's testimony is so inconsistent and equivocal that it cannot support the referee's finding that Petitioner's disability had ceased as of November 28.

While it is true that the courts have required medical *opinion* testimony in workmen's compensation cases to be unequivocal and not based on mere possibilities,[3] there is no requirement that all of the underlying medical evidence point consistently and unerringly toward the conclusion reached by the witness or that it be the only conclusion possible.[4] In the present case, Dr. Shibley considered the results of the objec-

---

[2] *Patterson v. Lenart*, 9 Pa. Commonwealth Ct. 116, 305 A.2d 778 (1973).

[3] *See Kepler Homes v. Hand*, 27 Pa. Commonwealth Ct. 291, 366 A.2d 969 (1976); *Smith v. Pullman-Standard Car Manufacturing Co.*, 194 Pa. Superior Ct. 263, 166 A.2d 299 (1961).

[4] *See Ozanker v. Skytop Lodge, Inc.*, 13 Pa. Commonwealth Ct. 220, 308 A.2d 911 (1973).

tive tests and Petitioner's subjective complaints. He could have concluded that Petitioner was still disabled after November 28,[5] but he did not. In his professional medical opinion, stated without equivocation, the Petitioner had recovered from his injury and was able to return to work. At no point did Dr. Shibley qualify or compromise that *opinion*.

Where, as here, the Board took no additional evidence, questions of weight and credibility of the evidence are for the referee and are binding on this Court.[6] Our review of the record discloses that the referee's findings are supported by substantial evidence. We affirm.

### ORDER

AND Now, this 9th day of January, 1978, the order of the Workmen's Compensation Appeal Board at Docket No. A-71663 is hereby affirmed.

---

[5] See *Fow v. American News Co.*, 190 Pa. Superior Ct. 74, 151 A.2d 670 (1959).

[6] *Workmen's Compensation Appeal Board v. Philco Ford Corp.*, 27 Pa. Commonwealth Ct. 298, 366 A.2d 620 (1976).