Richard Walther, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and B & P Motor Express Co., Respondents.

Argued April 3, 1978, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

*Maxwell P. Gorson,* for petitioner.

*John E. Smith,* with him *David L. Pennington,* and *Harvey, Pennington, Herting & Renneisen, Ltd.,* for respondent.

OPINION BY JUDGE BLATT, August 3, 1978:

Richard Walther (claimant) appeals from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's determination that his disability from a work-related accident had terminated.

The claimant was injured when the tractor-trailer truck in which he was driving overturned on March 22,

1968. The B & P Motor Express Company (employer) thereafter agreed to pay compensation to him, and benefits were, in fact, paid until January 1974, when the employer petitioned to terminate payments on the basis that the claimant was no longer disabled. After a hearing at which five medical, psychiatric, and psychological reports were introduced, the referee granted the employer's petition to terminate disability benefits as of January 4, 1974, finding that the claimant had no disabling physical injuries and that any psychological difficulties predated the tractor-trailer accident. The Board affirmed the decision, and this determination has now been appealed to us.

Our scope of review in workmen's compensation appeals is limited to a determination of whether or not an error of law was committed, constitutional rights were violated, or whether or not findings of fact are unsupported by substantial evidence. *Westinghouse Electric Corp. v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 50, 381 A.2d 191 (1977). The sole issue before us here is whether or not there is substantial evidence to support the decision of the compensation authorities that the claimant's disability had terminated.

The employer, of course, has the burden of proving that the claimant's disability has ceased. *Romanski v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 273, 381 A.2d 508 (1978). In support of its burden, the employer here presented the report of a psychiatrist, Dr. Robert Sadoff, which included his opinion that the claimant suffers from a "post-traumatic anxiety reaction or a post-concussion syndrome" which he believes is "primarily ended" and in the "chronic stage." An orthopedic surgeon, Dr. Martin Beller, also reported for the employer that his examination of the claimant in January, 1974 revealed

the claimant to be fully recovered from his injuries and able to return to driving a truck without limitation.

In rebuttal, the claimant introduced three reports. Dr. Raymond O. Stein, an orthopedic surgeon, refused to give a complete evaluation without the benefit of x-rays, but did say that the claimant had "a rather marked psychological overlay." Dr. Clifford DeCato, a clinical psychologist, summarized certain of the claimant's behavior patterns and described them as "longstanding difficulties." The claimant's psychiatrist, Dr. Edward Foulks, reported his opinion that the claimant's "somatic symptoms were precipitated by his accident" but he recommended psychological treatment for certain problems "which predate Mr. Walther's accident."

After reviewing each report in separate findings of fact, the referee found as follows:

> Based on the various concurring opinions of the orthopedic physicians, psychiatrists and psychologist, who have found that Claimant's complaints are entirely subjective in nature; are manifestations of psychological characteristics which long predated Claimant's accident; are purely psychic in nature; and do not have any disabling physical effects on the Claimant; the Referee finds that Claimant's disability from the injuries sustained by him on March 22, 1968, terminated and ceased as of January 4, 1974. His present disability, if any, stems from a strong lack of motivation to engage in any gainful occupation. . . .

We believe that this finding is based upon substantial evidence in the record before us. Although some of the medical reports may contain some evidence to the contrary, the resolution of conflicting medical opinions is within the purview of the fact-finder, and a finding

supported by substantial evidence will not be disturbed by a reviewing court. *Padilla v. Chain Bike Corp.*, 27 Pa. Commonwealth Ct. 190, 365 A.2d 903 (1976).

We will, therefore, affirm the decision granting the employer's petition to terminate compensation to the claimant.

ORDER

AND Now, this 3rd day of August, 1978, the order of the Workmen's Compensation Appeal Board is hereby affirmed.