Victoria Bertini Halaski, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Hilton Hotel, Respondents.

Argued September 29, 1978, before Judges MEN-CER, ROGERS and CRAIG, sitting as a panel of three.

*Thomas P. Geer,* for petitioner.

*James R. Miller* and *Raymond F. Keisling,* with them *Dickie, McCamey & Chilcote; Will & Keisling;* and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE ROGERS, November 29, 1978:

Victoria Bertini Halaski has appealed from an order of the Workmen's Compensation Appeal Board affirming a referee's decision denying her benefits.

Mrs. Halaski was employed as a Pantry Girl by the Hilton Hotel in Pittsburgh, Pennsylvania. She received workmen's compensation benefits for the period from October 23, 1973 to April 18, 1975 as the result of a back injury suffered on October 15, 1973 in the course of her employment. She returned to work at the Hilton Hotel in December 1975 and continued working until March 1976. On March 17, 1976 she filed a reinstatement petition with the Bureau

of Labor and Industry, alleging that the disability from the October 15, 1973 injury had recurred in her leg and shoulder as a result of injuries sustained in another work related incident on March 8, 1976. On July 12, 1976 she additionally filed an original claim petition for compensation for the March 8, 1976 injury. The referee conducted one hearing on both petitions at which the only witnesses were Mrs. Halaski and Dr. Samuel Sherman, an examining physician called by Mrs. Halaski. The referee denied both petitions on the ground that Mrs. Halaski had failed to prove either that her new disability was related to the October 15, 1973 injury or that she sustained a compensable injury on March 8, 1976. The Appeal Board affirmed the decisions of the referee and this appeal followed.

In workmen's compensation cases where no obvious relationship exists between an injury and work activity said to be its cause, unequivocal medical testimony is necessary to establish the causal connection. *Kepler Homes v. Hand*, 27 Pa. Commonwealth Ct. 291, 366 A.2d 969 (1976). Dr. Sherman who first examined the claimant some five months after the alleged March 8, 1976 incident diagnosed Mrs. Halaski's condition as "chronic anxiety reaction, post traumatic; lumbosacral sprain residuals; a traumatic synovitis of the right knee; and neck and shoulder sprain residuals." He also testified that x-rays taken some months after the first examination showed a chronic compression fracture of the D-12 vertebra. The only testimony introduced to show a relationship between these conditions and Mrs. Halaski's activities at work was the following:

Q. For the record, Doctor, what did you find caused the diagnosis you have read into the record?

A. Well, she had two injuries. And *I honestly can't tell you which of these injuries caused the compression fracture,* which is an objective finding. But when she described this snapping in her back at the time of her second injury on March 8, 1976, I certainly would have to feel this *may have been the precipitating* [sic] *cause, but honestly can't say.* And her complaints, while at times she moved her back, continued. This now accounts for this. And I think with the corset I have prescribed and, hopefully, a trial at work in two or three months she will go back on this basis. (Emphasis added.)

This evidence is too equivocal to establish a causal relationship between Mrs. Halaski's symptoms and either of the alleged incidents said to be their cause. At best, the doctor says that the compression fracture "may have been" precipitated by the second alleged injury. Less than positive medical testimony, based on possibilities, is not legally competent evidence of causation. *Kepler Homes v. Hand, supra.* This lack of unequivocal medical testimony was clearly a sufficient basis for denying both petitions. [1]

We therefore affirm the Appeal Board order.

ORDER

AND Now, this 29th day of November, 1978, the order of the Workmen's Compensation Appeal Board dated October 27, 1977 is hereby affirmed.

---

[1] The referee denied the original claim petition based on the alleged March 8, 1976 incident upon a finding that no compensable injury occurred on that date. This finding of course provided a ground for denying the original claim petition, in addition to the inadequacy of the medical evidence.