Angelo Sellecchia, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Har Nebo Cemetery, Respondents.

Argued June 7, 1979, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

*Henry J. Horstmann,* with him *Frank Carano,* for petitioner.

*Martin J. Fallon, Jr.,* with him *Swartz, Campbell & Detweiler,* for respondents.

OPINION BY JUDGE WILKINSON, JR., July 6, 1979:

This is an appeal by petitioner (claimant) from an adverse determination by the Workmen's Compensation Appeal Board (Board) sustaining a referee's termination of disability benefits. We affirm.

Claimant suffered an injury during the course of his employment with respondent on July 24, 1974. He was paid disability benefits to February 7, 1975 pursuant to a Notice of Compensation Payable which denominated his injury as an inguinal hernia. During this period, claimant was treated by N. Henry Moss, M.D., a Board-certified specialist in general surgery who performed a surgical repair of the hernia and provided post-operative care. On February 7, 1975, Dr. Moss signed an Affidavit of Recovery.

At the hearing following the filing of the termination petition, Dr. Moss testified that in his opinion the claimant had fully recovered from the hernia injury, although claimant continued to complain of pain in his chest and arms. Dr. Moss further testified that in his opinion the hernia and the hernia repair are

unrelated to his present symptoms, but he stated that he could not be "100 per cent precise . . . without going through a more sophisticated study." Claimant's medical witness, Dr. DiDio, who examined him on December 4, 1975 agreed that the hernia was well-healed and well-repaired, but stated that in his opinion physical inactivity resulting from the injury and post-operative recovery caused an existing arteriosclerosis and arthritis to advance to a stage where he was unable to resume work. Claimant was 63 years of age at the time of the injury.

Claimant contends that the evidence presented by the respondent to sustain his burden of proof was insufficient in that the testimony of Dr. Moss was not certain and unequivocal as it related to the cause of claimant's symptoms of pain and numbness in his chest and arms.

In a workmen's compensation case, medical opinion testimony regarding causation must be unequivocal and not based on mere possibilities in order to constitute sufficient competent evidence to support a referee's finding. *Romanski v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 273, 381 A.2d 508 (1978). On review by this Court, the test in this regard is whether the qualitative phrase does or does not qualify or modify the answer so as to make it equivocal. *Harrisburg Housing Authority v. Workmen's Compensation Appeal Board,* 14 Pa. Commonwealth Ct. 413, 322 A.2d 753 (1974). Here, Dr. Moss testified that although he would need to conduct additional tests to eliminate any possibility that the present symptoms were connected with the injury, in his opinion these tests would not establish that there was a causal connection. A thorough review of Dr. Moss' testimony further establishes the doctor did testify that based on a reasonable degree of medical certainty it was his opinion that the injury and subsequent

symptoms related to him by claimant were unrelated. Moreover, the testimony of claimant's witness, Dr. DiDio establishes that his examination of claimant was not more detailed or sophisticated than that of Dr. Moss. Clearly, then, the issue is reduced to a factual conflict of medical opinion and within the purview of the referee and not this Court.

At oral argument, claimant relied on the Supreme Court's recent decision in *McGee v. L. F. Grammes & Sons, Inc.*, 477 Pa. 143, 383 A.2d 864 (1978). Claimant's reliance is misplaced. In *McGee,* the Supreme Court found that the employer had not met its burden of proof that the current disability was unrelated to the injury for which compensation had been awarded and was being paid. In the instant case, the employer has offered unequivocal medical evidence that any current disability is unrelated to the injury for which compensation was being paid. The referee found that this met the employer's burden of proof. The Board affirmed. We agree.

Accordingly, we will enter the following

ORDER

AND Now, July 6, 1979, the order of the Workmen's Compensation Board of Review, at No. A-73534, dated June 15, 1978, is hereby affirmed.