Angela L. LoRubbio, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Merrell National Laboratories, Respondents.

530

Argued November 13, 1979, before Judges CRUM-LISH, JR., MENCER and CRAIG, sitting as a panel of three.

*W. Brian Golden,* for petitioner.

*Matthew R. Sorrentino,* with him *Robert H. Holland,* of *Kolb, Holland & Taylor,* for respondents.

OPINION BY JUDGE MENCER, February 29, 1980:

Angela L. LoRubbio (claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) which terminated compensation payable to her for an occupational injury sustained while she was employed as an egg candler at Merrell National Laboratories (Merrell). We affirm.

On January 14, 1976, claimant injured the coccyx region of her spine. An agreement of compensation

payable was entered into between Merrell and claimant for total disability. Based upon the results of a medical examination of claimant, on May 7, 1976, by Dr. Carl P. Sipowicz, Merrell filed a petition to terminate claimant's benefits, pursuant to Section 413 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772.

Following a hearing on Merrell's petition, the referee made the following findings of fact:

9. During all relevant time periods two jobs were available to claimant at Defendant's place of business, at least one of which, and apparently both, did not require her to sit at all, or to stand and sit at her option.

. . . .

14. Defendant established by expert medical testimony, accepted by the Referee, that Claimant was able to return to her employment with Defendant on May 10, 1976, without loss of earning power.

15. Defendant failed to unequivocally establish that Claimant had completely recovered of the occupational injury sustained on January 14, 1976.

16. Claimant's medical evidence, considered in a light most favorable to the Claimant, does not establish that Claimant could not perform a standing job that was available to her.

In accordance with his findings, the referee denied Merrell's petition to terminate but suspended further compensation to claimant. On appeal, the Board remanded the case to the referee "for further consideration of the record and the entry of more specific Findings of Fact and Conclusions of Law."

On remand, the referee, without taking additional evidence, found that claimant's disability had ended

on May 10, 1976 and therefore terminated claimant's benefits. The Board affirmed, and this appeal followed.

Claimant first argues that the Board erred in ordering a remand.[1] We disagree.

In *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975), we held that the Board's power to remand cases to the referee under Section 419 of the Act, 77 P.S. §852, was limited to two instances: (1) where the findings of the referee are not supported by competent evidence or (2) where the referee has failed to make a finding on a crucial issue, necessary for the proper application of the law. *See Johnson v. Bethlehem Mines Corp.,* 28 Pa. Commonwealth Ct. 637, 369 A.2d 910 (1977); *Yerger v. Rockwell International,* 27 Pa. Commonwealth Ct. 73, 365 A.2d 899 (1976); *Gibson-Boulevard, Inc. v. Workmen's Compensation Appeal Board,* 19 Pa. Commonwealth Ct. 147, 338 A.2d 697 (1975).

Here, the Board remanded primarily because it believed the referee's finding on availability, finding 9, was not supported by competent evidence.[2] Our own review of the record indicates that the Board was correct. Although there is evidence that one job, involving both sitting and standing, was available to claimant, there is no evidence that claimant had her choice of two separate jobs, one involving sitting and the

---

[1] Claimant is not precluded from raising the validity of the remand order at this time by her failure to appeal the order under one of the three recognized exceptions to the rule prohibiting interlocutory appeals from Board remands. *See Workmen's Compensation Appeal Board v. Borough of Ferndale,* 20 Pa. Commonwealth Ct. 269, 342 A.2d 146 (1975).

[2] Analysis of the Board's discussion indicates that the Board also viewed the referee's findings on the extent and scope of claimant's residual disability to be ambiguous and inadequate, thus necessitating a remand under the second rationale of *Forbes.*

other standing, as found by the referee. Therefore, following *Forbes,* a remand was justified.

Claimant next argues that, on remand, the referee was limited by the Board's order and accompanying instructions to new findings solely on the issue of availability and therefore he erred in reconsidering the entire case. Again, we disagree.

The Board's instructions, relied upon by claimant, are as follows:

> On a remand, we suggest that the Referee review the testimony in this matter and enter a new set of Findings of Fact and Conclusions of Law which are clearly supported thereby. We also suggest that he enter clear findings as to his determination of the credibility of the medical witnesses as pertains to the *Claimant's physical condition.* He should also relate this to her ability to fulfill her job, keeping in mind that in the past, and presumably in the future, she has been assigned to both standing and sitting jobs. These findings should relate to the issue of the level of the Claimant's disability, *if any,* as well as the right of the Defendant to have payments suspended. (Emphasis added.)

Admittedly, the breadth of the Board's order, when taken in conjunction with its instructions, is somewhat ambiguous. In view, however, of the emphasized language, which we interpret as asking the referee to reevaluate his findings on claimant's physical disability, and the expansive wording of the Board's order, we find the referee did not exceed his authority on remand by finding that claimant was no longer disabled.[3]

---

[3] The parties have not raised, nor have we considered, whether the Board, under *Forbes,* may authorize a comprehensive scope of review on remand when only *one* finding of the referee is unsupported by competent evidence.

Finally, claimant contends that the referee's ultimate decision is not supported by substantial, competent evidence.

As the moving party, Merrell had the burden to show that claimant's disability had terminated. *Peoples Gas Heating Co. v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 530, 382 A.2d 484 (1978). To meet this burden, Merrell presented the testimony of Dr. Sipowicz, who unequivocally opined, based upon the results of his examination on May 7, 1976, and with full knowledge of the nature of claimant's job, that claimant's "disability status was zero." Although claimant presented contrary medical testimony and herself testified as to her disability, the referee, as the ultimate factfinder, resolved this conflict in favor of Merrell, and thus we are bound by his findings. *Walther v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 122, 388 A.2d 1166 (1978).

Claimant argues, however, that by accepting Dr. Sipowicz's direct testimony as credible, the referee ignored Dr. Sipowicz's allegedly inconsistent testimony elicited on cross-examination. While Dr. Sipowicz did admit, on cross-examination, that it was possible that claimant's continued complaints of tenderness might be consistent with residual damage to the soft tissue surrounding claimant's coccyx, he never changed his opinion as to claimant's disability. Further, he also stated that such a condition would be unusual and that he could find no objective clinical evidence to support claimant's subjective complaints of pain. *Romanski v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 273, 381 A.2d 508 (1978). We note that, even if the testimony was inconsistent, "the referee may, in lawful exercise of his broad discretion, accept or reject the testimony of any witness *in whole or in part.*" *American Refrigerator*

*Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 595, 377 A.2d 1007, 1010 (1977) (emphasis in original).

Accordingly, we enter the following

ORDER

AND Now, this 29th day of February, 1980, the order of the Workmen's Compensation Appeal Board, dated October 19, 1978, is affirmed.

President Judge BOWMAN and Judge DISALLE did not participate in the decision in this case.