Richard J. Martin, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Horne Brothers, Inc., Respondents.

Argued November 20, 1980, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

*David K. McMullin,* for petitioner.

*Edward A. McFarland, Thomson, Rhodes & Grigsby,* for respondent, Horne Brothers, Inc.

OPINION BY JUDGE MENCER, February 6, 1981:

Richard J. Martin (claimant) has appealed from an order of the Workmen's Compensation Appeal Board (Board), affirming the referee's decision to terminate compensation. We affirm.

On April 29, 1977, claimant was injured in a fall while in the course of his employment as a carpenter's helper for Horne Brothers, Inc. (employer). Dr. James D'Antonio, an orthopedic surgeon, began treatment of claimant on April 30, 1977. His examination revealed that claimant had a restricted range of motion, with

pain and tenderness, in the right shoulder. Dr. D'Antonio continued to treat claimant's condition and subsequently diagnosed a complete acromial-clavicular separation in the right shoulder. On July 2, 1977, claimant underwent surgery performed by Dr. D'Antonio to correct this condition. In a follow-up examination, performed on September 28, 1977, Dr. D'Antonio gave claimant a release to return to work as of October 3, 1977. In December, the employer filed a termination petition, alleging that claimant had recovered from his injury and was able to return to work.

The sole question presented to us on appeal is whether the referee's finding that claimant had fully recovered from his injury is supported by substantial evidence. We are convinced that it is.

The crux of this appeal lies in the testimony of Dr. D'Antonio recorded in two depositions. The first deposition was taken on April 24, 1978 and offered into evidence by the employer. In this deposition, Dr. D'Antonio testified that, as of September 28, 1977, claimant was essentially asymptomatic, with a full range of motion in the shoulder and no objective evidence of physical impairment. He stated unequivocally that claimant was able to return to work.[1]

---

[1] In the first deposition, Dr. D'Antonio gave the following testimony on direct examination:

Q. ... [D]o you have an opinion as to whether on September 28th, 1977 all of [claimant's] disability resulting from his April 29th, 1977 injury had ceased and whether he was physically able to return to work at that time? Do you have an opinion?

A. Well, I released him to return to work, and I wouldn't have done that if I didn't think he could return. I would recognize at that time that we may have been wrong; and if we were, then problems would arise. We would make necessary adjustments, but it was my feeling in September of 1977 that he was capable of returning to work at that time.

Claimant was further examined by Dr. D'Antonio on May 10, 1978, in response to claimant's persistent complaints of pain in his right shoulder. On September 18, 1978, the doctor was again deposed, this time at claimant's behest. In this deposition, Dr. D'Antonio seems less certain of claimant's medical progress and more willing to concede the reality of claimant's subjective symptoms of pain.[2] The doctor, however, found no objective evidence of disability and remained "reluctant" to state that claimant was in fact disabled.

---

Q. This was your opinion to a degree of medical certainty at that time?

A. Right.

[2] The following excerpt is from the second deposition of Dr. D'Antonio:

Q. ... [D]o you have an opinion as to whether or not [claimant] is disabled or not physically able in view of the pain to do the heavy lifting and carrying involved?

A. Yes, I do.

Q. And what is your opinion?

A. I am reluctant to say that Mr. Martin is disabled in any way because the nature of this joint is such — and the nature of injuries to this joint is such — that it generally does not lead to total disability. On the other hand, one cannot deny the fact that he does have a significant injury that has resulted in symptoms, and he does very clearly give a history of symptoms with a specific type of function — overhead, heavy lifting.

In that respect, I don't deny that he has symptoms in the shoulder with heavy lifting overhead, but I'm still reluctant to say that he is totally disabled, and I don't know that I can or anybody can determine that.

Q. All right, but on the other half of the question, can you state as to whether or not he would be physically able to resume his prior job function that involved the heavy carrying and heavy lifting for a normal work day?

A. I think that he is physically able, but if he did return to that job, he very likely does so with pain. He's capable of doing it, and I don't think he would deny it, but it causes pain when he does it.

Assuming arguendo that the medical testimony contained in the two depositions is fundamentally inconsistent, the referee nevertheless did not overstep his bounds of discretion. In addition to resolving questions of credibility and choosing between conflicting testimony the referee is empowered to accept or reject the testimony of any witness in whole or in part. *LoRubbio v. Workmen's Compensation Appeal Board,* 49 Pa. Commonwealth Ct. 529, 411 A.2d 866 (1980). Thus, the referee could properly believe all of the testimony contained in the first deposition, while completely rejecting that contained in the second deposition.

In keeping with this discretionary power, the referee also attributed credibility to Mike Vincent, an investigator testifying on the employer's behalf. Vincent stated that he observed claimant performing various carpentry skills on May 4, 1978. Vincent further testified that claimant admitted to him that he had been engaged in carpentry work for the past nine months. Therefore, we are satisfied that the record contains substantial evidence to support the findings of fact made by the referee.

Accordingly, we enter the following

ORDER

AND Now, this 6th day of February, 1981, the order of the Workmen's Compensation Appeal Board at Docket No. A-77327, dated December 7, 1979, is affirmed.