Hilton Hotel and Allstate Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Victoria Bertini Halaski), Respondents.

Argued October 7, 1982, before Judges BLATT, CRAIG and MacPHAIL, sitting as a panel of three.

*Raymond F. Keisling, Will and Keisling,* for petitioners.

*Thomas P. Geer,* for respondent, Victoria Bertini Halaski.

OPINION BY JUDGE MACPHAIL, December 29, 1982:

This case is on appeal to this Court a second time. In *Halaski v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 607, 608-09, 394 A. 2d 680, 680-81 (1978), we set forth the relevant facts as follows:

> Mrs. Halaski was employed as a Pantry Girl by the Hilton Hotel in Pittsburgh, Pennsylvania. She received workmen's compensation benefits for the period from October 23, 1973 to April 18, 1975 as the result of a back injury suffered on October 15, 1973 in the course of her employment. She returned to work at the Hilton Hotel in December 1975 and continued working until March 1976. On March 17, 1976 she filed a reinstatement petition with the Bureau of Labor and Industry, alleging that the disability from the October 15, 1973 injury had recurred in her leg and shoulder as a result of injuries sustained in another work related incident on March 8, 1976. On July 12, 1976 she additionally filed an original claim petition for compensation for the March 8, 1976 injury. The

referee conducted one hearing on both petitions at which the only witnesses were Mrs. Halaski and Dr. Samuel Sherman, an examining physician called by Mrs. Halaski. The referee denied both petitions on the ground that Mrs. Halaski had failed to prove either that her new disability was related to the October 15, 1973 injury or that she sustained a compensable injury on March 8, 1976.

Our Court held that since the medical evidence offered by the Claimant was "too equivocal to establish a causal relationship between Mrs. Halaski's symptons and either of the alleged incidents said to be their cause", the Workmen's Compensation Appeal Board (Board) should be affirmed. *Id.* at 610, 394 A.2d at 681. Our decision was subsequently appealed to the Pennsylvania Supreme Court where it was held that inasmuch as the medical testimony "unequivocably established" that the disability flowed from *one* of the injuries, it was not fatal to Claimant's case that her physician was unable to establish which injury was the cause. *Halaski v. Hilton Hotel,* 487 Pa. 313, 409 A.2d 367 (1979).

More to the point, with respect to the instant appeal, the Supreme Court held that:

Although additional testimony will be required to ascertain which carrier might be responsible, we are satisfied that appellant *on the instant record has established her right to an award.*

*Id.* at 320-21, 409 A.2d at 370-71 (footnote omitted and emphasis added). The Court ordered a remand to the referee for further proceedings consistent with that Court's opinion. The remand was necessary because Claimant's employer was insured by CNA Insurance Company at the time of the 1973 accident, and by the instant petitioner, Allstate Insurance Company, at the time of the 1976 accident.

Following the remand order, the referee held two hearings at which Claimant testified and the depositions of medical witnesses for the Claimant and her employer were received. The referee found the evidence provided by Claimant's physician to be the more credible and that his testimony established "unequivocally that the injury of March 8, 1976 was the causative factor activating the leg injury of the Claimant and the disability therefrom, further causing the compression fracture which rendered the Claimant disabled from [sic] her back." The referee then concluded that Petitioner was the responsible insurance carrier.

In its appeal from that decision to the Board, Petitioner contended that there was no finding by the referee of notice as to the second injury, that the evidence did not support the finding of an accident in 1976 and that Claimant's petition should for those reasons be dismissed. The Board held that since the Supreme Court had plainly stated that Claimant had established her right to an award from someone, Petitioner's arguments were without merit. We agree.

Our Supreme Court could hardly have been more specific than it was when it said that Claimant had established her right to an award *on the instant record.* It would have been beyond the scope of the remand order for the referee to delve into the two issues argued by the Petitioner for the purpose of determining *if* Claimant was entitled to an award. It is obvious to us that the Supreme Court was satisfied that she was. That Court's language precludes further argument regarding the *validity* of the claim.

The referee's findings are based upon substantial evidence and we find no error of law or constitutional questions presented; accordingly, the order of the Board must be affirmed. *Teledyne Penn Union Electric v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 265, 392 A.2d 359 (1978).

Claimant's brief asks us to award additional counsel fees related to this appeal because it has been vexatious and frustrating to her. No authority has been offered by Claimant to warrant our entry of such an order and we know of none. The request is denied.

ORDER

It is ordered that the order of the Workmen's Compensation Appeal Board, dated December 3, 1981, No. A-80704, is hereby affirmed.